IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Service Employees International Union (SEIU) District 1199 WV/OH/KY,**<br><br>      **Plaintiff,**<br><br>  -v-<br><br>**OHNH EMP, LLC**<br>**d/b/a Advanced Health Care Center,**<br><br>      **Defendant.** | Case No. 3:24-cv-2146<br><br>Judge _____ |

**COMPLAINT TO CONFIRM ARBITRATION AWARD**

Plaintiff Service Employees International Union (SEIU) District 1199 WV/KY/OH ("Union") for its Complaint to Confirm Arbitration Award against OHNH EMP, LLC d/b/a/ Advanced Health Care Center ("Defendant" or "AHC"), states as follows:

1. This is a claim for a breach of the collective bargaining agreement between the parties, brought by the Union to confirm the arbitration award and to compel Defendant AHC to comply with the terms of the Arbitrator's award.

VENUE AND JURISDICTION

2. This Court has original and statutory subject matter jurisdiction over this case pursuant to Section 301 (a) and (c) of the Labor Management Relations Act, as amended, 29 U.S.C. §§185(a) and (c) and 28 USC §1331.

3. As the events giving rise to this matter occurred in this district, venue is appropriate under 29 U.S.C. §185(a).

PARTIES

4. Defendant OHNH EMP, LLC d/b/a/ Advanced Health Care Center is an employer engaged in interstate commerce within the meaning of 29 U.S.C. §§152(2), (6), and

(7) of the Labor-Management Relations Act and maintains a place of business in Toledo, Ohio.

5.  The Union is a labor organization as defined in 29 U.S. Code § 152(5) and represents employees at the AHC's Toledo, Ohio facility.

## THE COLLECTIVE BARGAINING AGREEMENT

6.  During all relevant times AHC and the Union were parties to a collective bargaining agreement ("CBA"), in effect from January 1, 2020 until December 31, 2024. The CBA is attached as Exhibit A and incorporated by reference herein.

7.  Article 10 of the CBA sets forth a grievance procedure and arbitration process agreed to by AHC and the Union. Section 1 of that Article defines as "grievance" as "a dispute or complaint arising between the parties to this Agreement concerning the interpretation, application, performance, or any alleged breach of this Agreement, but shall not include a dispute or complaint pertaining to coverage or plan benefits of the Employer under a health or welfare plan." Exhibit A, p. 5.

8.  The CBA gives the Union the right to arbitrate an unresolved grievance. Exhibit A, p. 7. Section 9 of Article 10 states: "The award of the arbitrator shall be final and binding upon the Employer, the Union and the employee(s)." Exhibit A, p. 7.

9.  Article 9 of the CBA is entitled "Discipline and Discharge" and states at Section 4 that: "An employee covered by this Agreement may utilize the grievance procedure set forth in this Agreement to challenge a discipline as not being for just cause." Exhibit A, p. 5.

## The Discipline, Grievance and Award

10. Natalie Ragland ("Grievant") was an employee of AHC, a member of Union, and a bargaining unit member covered by the CBA between the Parties.

11. AHC terminated Grievant's employment on July 11, 2022.

12. Union timely filed a grievance on or about July 12, 2022 ("Grievance") asserting that "Management has unjustly terminated Grievant." Arbitration Award, p. 2 (attached hereto as Exhibit B and incorporated by reference herein).

13. The Grievance sought the following relief, "Resolution sought is 'to be made whole in every way, including, but not limited to restoring Grievant to their prior position with back pay, PTO accruals, seniority, and any other benefits which apply.'" Exhibit B, p. 2.

14. Arbitrator Janet M. Graham was appointed to preside over the arbitration of Grievance. Exhibit B, p. 1.

15. The arbitration was held on January 18, 2024. Exhibit B, p. 1.

16. Parties AHC and the Union stipulated to the following facts at the arbitration which is the subject of this action:

    a. The grievance is properly before the Arbitrator and there are no procedural objections.

    b. [AHC] issued a discipline of termination to employee Natalie Ragland on 7/11/22 for alleged 'conduct issues.'

    c. The grievant had no prior disciplinary action whatsoever.

    d. The grievant was hired at [AHC] on 10/1/2021.

    e. The grievant successfully completed her probationary period.

    f. The grievant was a duly elected and recognized [Union] Delegate at the time of her termination.

Exhibit B, p. 2.

17. Parties AHC and the Union stipulated to the following issue for the arbitrator to decide, "Did the employer have just cause to terminate employee Natalie Ragland and, if not, what shall the remedy be?" Exhibit B, p. 2.

18. Following that hearing and the presentation of evidence and arguments, Arbitrator Graham issued the Opinion and Award ("Award") on April 15, 2024. Exhibit B, p. 33.

19. In the Award, Arbitrator Graham sustained the Grievance, finding that AHC violated the just cause standard outlined in the CBA when it terminated Grievant's

employment. Exhibit B, p. 33.

20. Specifically, the Award states,

> The Grievance is Sustained. The Grievant shall be reinstated to her former job as of July 11, 2022. Grievant shall recover her back pay (lost pay) and benefits from July 11, 2022 until she returns to work. However, the amount of any unemployment compensation benefits received by the Grievant and any interim earnings (from July 11, 2022 until her return date) shall be deducted from the lost pay computation. The Grievant shall also be restored to her lost seniority.

Exhibit B, p. 33.

21. The Award is based on a careful review of the evidence, consideration of the arguments raised by both parties, and the bargained for interpretation of the language in the CBA.

22. AHC's failure to abide by the bargained-for interpretation of the CBA is a breach of its contractual duty.

23. At no time has AHC moved to vacate or modify the Award, and the time to do so has passed.

24. Under the CBA, the Award is "finding and binding" on the parties. Exhibit A, p. 7.

WHEREFORE, the Union seeks judgment against AHC and respectfully requests the following relief:

   a. An order confirming Arbitrator Graham's April 15, 2024 Award;

   b. An order compelling AHC to comply with the Award; and

   c. Such further relief this Court deems appropriate.

Respectfully submitted,

By: /s/ *Lathan Lipperman*
Lathan J. Lipperman (0095523)
Harshman, Wannemacher, Tipton & Lipperman
4683 Winterset Drive
Columbus, Ohio 43220

4

Telephone: 614.437.9854
Fax: 614.573.6948
Email: llipperman@hcands.com

*Attorney for Plaintiff SEIU District 1199*

5